### NEW YORK UNIVERSITY v. LOOMIS LABORATORY.

(Supreme Court, Appellate Division, First Department.  January 24, 1902.)

TRUST—CREATION—EVIDENCE—SUFFICIENCY.

Plaintiff alleged that certain property of the laboratory was held in trust by the laboratory for plaintiff's benefit, and sought to have the trust declared.  The act creating the laboratory corporation authorized it to hold the property for its own purposes, with authority to convey the property to the plaintiff, on which the corporation should cease to exist.  The party who had donated the property to the laboratory corporation testified that he did not give it in trust for plaintiff, and had no intention of creating such a trust; and there was evidence tending to show that the legislative provision relating to the transfer to plaintiff was merely inserted so that, in case the corporation should wind up its affairs, provision would be made for the disposition of the property.  *Held*, that a judgment dismissing the complaint should be sustained.

Appeal from special term, New York county.

Action by the New York University against the Loomis Laboratory.  From a judgment of the special term (71 N. Y. Supp. 239) dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN.

George A. Strong, for appellant.
Charles E. Miller, for respondent.

PATTERSON, J.  The complaint in this action was dismissed at the special term on the ground that the proof failed to establish its allegations.  The action was brought to have a trust declared for the benefit of the plaintiff in certain real property situate in the city of New York, the legal title to which is in the defendant corporation.  The plaintiff, in substance, claimed that the real property, upon which was erected a laboratory building equipped for use as such, equitably belongs to it; that it was a gift of a person interested in the New York University; and that the donor intended such gift to be for the exclusive benefit of the university.  There seems to be no doubt, upon the evidence, that all the money for the purchase of the land, the construction of the building, and the equipment of a laboratory was furnished by Col. Payne to the late Dr. Alfred L. Loomis, who, holding the title to the property, conveyed it to the defendant.  The contention of the plaintiff is that Dr. Loomis held the title upon a trust annexed to the gift of the money by Col. Payne, that the property should be transferred to a board of trustees to hold in trust for the use of the faculty and

students of the plaintiff, and that the laboratory should be used
to increase the teaching facilities of the medical department of the
New York University; that Dr. Loomis at all times recognized
and acknowledged the trust, and never at any time sought to re-
pudiate or violate it; that Dr. Loomis, with the knowledge and
approval of Col. Payne, procured the incorporation of the defend-
ant to take and hold the property in perpetuity for the more con-
venient administration of the same; and that the conveyance made
by Dr. Loomis to the defendant was in pursuance of the original
purpose of the donor. The complaint contains allegations to the ef-
fect that, notwithstanding the nature of the trust which is sought to
be ingrafted upon the legal title to the property, the defendant,
acting through its board of trustees, is violating such trust, refuses
to recognize the rights of the plaintiff, excludes it, its faculty, and
the students of its medical department, from the benefit of any en-
joyment of the trust property; and therefore it seeks to have the
alleged trust judicially declared, and to restrain the defendant from
excluding the plaintiff and its faculty and students of its medical de-
partment from the full use, benefit, and enjoyment of the trust
property, and also to restrain and enjoin the defendant from ad-
mitting any other institution, or the faculty or students of medi-
cine connected with any other institution, to any use, benefit, or
enjoyment of such property, and, in general, to restrain and enjoin
the defendant from any and all violations of the alleged trust, and
to require the defendant henceforth to recognize and observe in
every way the trust aforesaid, with such special directions in regard
thereto as to the court may seem proper.

Without stopping to consider the legal nature of the asserted
trust, or the power of one educational corporation to hold real and
personal property in perpetuity for another, it is apparent that the
fundamental equity upon which the plaintiff's right must repose has
not been established. The land, the building, and the equipment
thereof were not in the ownership of Dr. Loomis, to be disposed of
as he chose; nor does it appear that any authority was given him
by the donor of the moneys to create a trust for the exclusive ben-
efit of the plaintiff. The allegation of the complaint is that the
moneys were placed in the hands of Dr. Loomis "upon the trust
that the said buildings, when so erected and equipped, together with
the lot whereon the same should stand, should thereafter be for
the exclusive use of the faculty and students of the medical depart-
ment of the university; that, when completed, it should be handed
over to a board of trustees, who should hold it for the use of the
faculty and students aforesaid; and that thereafter it should be used
to increase the teaching facilities of the medical department of the
university." Unless that feature of the plaintiff's case is proven,
its asserted equity vanishes. It is sought to attach the trust to the
gift ab initio. The plaintiff has signally failed in doing so. Col.
Payne was called as a witness, and testified that he gave the mon-
eys to build and equip the laboratory, to be called the "Loomis
Laboratory," to be transferred later to a corporation to be organized
under an act of the legislature; that his purpose was to build a

laboratory for original research and elementary teaching in scientific medicine, and that this laboratory was to be entirely independent, and he intended "to endow it with sufficient funds to run it"; that the property, when completed, was to be transferred to the Loomis Laboratory Association, to be governed by five trustees; that the articles incorporating the Loomis Laboratory should state exactly what the objects of the gift were; that when he made the gift there was not a word said about its being used in the interest of any other institution, or for the benefit of any other institution or person, and that he never had stated to Dr. Loomis that it was intended for the New York University; that the New York University was never mentioned in any way; and that he hardly knew that there was such an institution as the New York University. The witness was in Europe when the act of the legislature was drawn and passed. On his return there was pointed out to him a provision in the act incorporating the defendant to the effect that, under certain circumstances, the trustees were given power to transfer the property to the New York University. He says that that provision had not been authorized by him, and the explanation made of it to him was that the lawyer who drew up the act had suggested that in case of the trustees at any time desiring to wind up the institution, getting tired of the trust, provision should be made for a disposition of the property, and this feature was inserted in the act to meet that situation. The attorney who drew the act of the legislature incorporating the defendant was called as a witness, and testified that he acted for Dr. Loomis in preparing that act, and that no statement was ever made to him or in his hearing by Dr. Loomis or by anybody to the effect that the university, or its medical department, or students or faculty, had any interest in the laboratory or its property, or any right therein to its use. That the laboratory was for a time used in connection with the instruction given in the medical department of the New York University, with the consent of the trustees of the defendant, does not establish the trust; nor does the provision of the act incorporating the defendant, which authorizes the trustees, in their discretion, to convey to the plaintiff the property in fee, establish that trust. That provision does not make it the absolute duty of the defendant to convey, or the right of the plaintiff to demand a conveyance.

We are satisfied that the proof is entirely insufficient to entitle the plaintiff to the relief demanded, and that the judgment appealed from should be affirmed, with costs. All concur.